IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JAMES KELLY, et al., :
:
      Plaintiff, :
:
v. : CIVIL ACTION NO. 16-cv-2171
:
UNITED STATES OF AMERICA, et al. :
:
      Defendants. :

## ORDER

AND NOW, this ____ day of _____, 2016, upon consideration of the Federal Defendants', United States of America, United States Postal Service, and Postmaster General of the United States, Megan J. Brennan (in her official and personal capacity), Motion to Dismiss Plaintiffs' Amended Complaint, and plaintiffs' response, if any, it is hereby ORDERED that the Federal Defendants' Motion is GRANTED, and plaintiffs' claims against the United States of America, United States Postal Service, and Postmaster General of the United States, Megan J. Brennan (in her official and personal capacity) are dismissed with prejudice.

BY THE COURT:

_____
HONORABLE JUAN R. SANCHEZ
*Judge, United States District Court*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES KELLY, et al., | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. 16-cv-2171 |
| UNITED STATES OF AMERICA, et al. | : |
| Defendants. | : |

**FEDERAL DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

Federal Defendants, the United States of America, United States Postal Service, and Postmaster General of the United States Megan J. Brennan (in her official and personal capacity), by and through their attorneys, Zane David Memeger, United States Attorney for the Eastern District of Pennsylvania, and Scott W. Reid and Stacey L. B. Smith, Assistant United States Attorneys for the same district, hereby move to dismiss the Amended Complaint, pursuant to Federal Rules of Civil Procedure 12(b)(l), 12(b)(5) and 12(b)(6). The legal bases for this motion are set forth more fully in the accompanying memorandum of law.

Respectfully submitted,

ZANE DAVID MEMEGER
United States Attorney

*Margaret L. Hutchinson /SEB for*
MARGARET L. HUTCHINSON
Assistant United States Attorney
Chief, Civil Division

_____
SCOTT W. REID
STACEY L.B. SMITH
Assistant United States Attorneys
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
Phone: (215) 861-8358/8348
Facsimile: (215) 861-8618

Dated: November 1, 2016

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES KELLY, et al., | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. 16-cv-2171 |
| UNITED STATES OF AMERICA, et al. | : |
| Defendants. | : |

**FEDERAL DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION
TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

I.  INTRODUCTION

Husband and wife plaintiffs James and Leanne Kelly bring this action against the United States of America, United States Postal Service, and Postmaster General of the United States Megan J. Brennan (in her official and personal capacity) (collectively the "Federal Defendants")[1,2], alleging negligent delivery of the mail (Count I); violation of their substantive and procedural due process rights pursuant to 42 U.S.C. § 1983 through U.S. Constitutional Amendments IV and XIV (Count II); an unconstitutional taking pursuant to 42 U.S.C. § 1983 through U.S. Constitutional Amendments V and XIV (Count III); violation of their constitutional rights pursuant to a *Bivens*[3] theory (Count IV); violation of their constitutional

---

[1] Plaintiffs also sued several "John Doe" and "Jane Doe" defendants, who the undersigned counsel does not represent in any capacity since they are not identified. Plaintiffs also named as a defendant, individually and in a personal capacity, Postal Carrier "Jack Buck", who is not employed by the United States Postal Service. Likewise, the undersigned counsel does not represent "Jack Buck" in any capacity.

[2] Nothing contained herein should be construed as a waiver or other limitation of any defenses available to the defendants (named or unnamed), including but not limited to, immunity from suit, insufficient service of process, failure to state a claim upon which relief can be granted, and failure to complete service of process in a timely manner.

[3] In *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court held that federal officers who acted under color of law were liable for damages caused by their violations of a plaintiff's Fourth Amendment rights.

rights pursuant to a *Monell* theory (Count V); and the common law tort of loss of consortium (Count VI).

Despite plaintiffs' attempt to fashion the Amended Complaint as a violation of their constitutional rights, plaintiffs' core claim is premised on the same allegation—the alleged failure to receive mail. No matter how styled, there is no legal theory plaintiffs can offer that provides for the recovery of damages with respect to the negligent delivery of mail.

Plaintiffs' Amended Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. Counts I and VI must be dismissed because the plaintiffs have not exhausted statutorily prescribed administrative remedies, and, in any event, the United States has not waived sovereign immunity for claims based upon the negligent transmission of the mail. Counts II and III must be dismissed because Section 1983 applies only to state, not federal, actors. Count V must be dismissed because *Monell* only applies to local governments. To the extent Counts II, III, and V are deemed to be brought pursuant to a *Bivens* theory, they, along with Count IV, must be dismissed because the United States has not waived sovereign immunity for claims brought pursuant to a *Bivens* theory asserting constitutional violations. Additionally, to the extent Counts II, III, IV and V are deemed to be brought pursuant to a *Bivens* theory, to the extent they are asserted against Postmaster General Brennan in her personal capacity, those counts should be dismissed pursuant to the qualified immunity and respondeat superior doctrines. Furthermore, plaintiffs' Amended Complaint should be dismissed against Postmaster General Brennan pursuant to Fed. R. Civ. P. 12(b)(5) for improper service. Simply stated, plaintiffs have not served any individual defendant, be it Postmaster General Brennan, "Jack Buck" or the unidentified Postmaster of the Broomall Post Office. In the present case, plaintiffs are not only required to serve the United States and United States Attorney's Office, but also each individually named defendant. For this reason, the present suit against Postmaster General Brennan cannot proceed and should be dismissed.

## II. FACTUAL BACKGROUND

Plaintiff James Kelly alleges that in April 2014 he was employed by the Ridley School District as a substitute bus driver. (Am. Compl. ¶ 10.) On or about April 17, 2014, the School District Director of Transportation wrote to plaintiff informing him that she intended to request during a May 5, 2014 School Board meeting that his employment be terminated due to his lack of availability to perform his duties. (Am. Compl. ¶ 13; Ex. A to Am. Compl.) The letter requested that plaintiff respond by April 28, 2014 if his availability had changed. (Am. Compl. ¶ 13; Ex. A to Am. Compl.) According to a certified mail receipt, the April 17, 2014 letter was delivered to plaintiff's home address, and signed for by someone, on or about April 25, 2014. (Am. Compl. ¶¶ 15, 16; Ex. B to Am. Compl.) Plaintiff denies signing for the letter, and states that he was not home on that date. (Am. Compl. ¶ 16.) Plaintiff alleges, without factual support, that a postal carrier signed the delivery receipt. (Am. Compl. ¶ 15.)

Plaintiff's employment was terminated on or about May 5, 2014. (Am. Compl. ¶ 17.) On May 7, 2014, plaintiff emailed the School District and informed them that he did not contest his termination. (Ex. C to Am. Compl.) Plaintiff does not assert that he was available to perform his duties as a substitute bus driver, or that he was denied the opportunity to challenge his termination. Thus, it is unclear upon what basis plaintiff seeks damages or claims harm from the federal defendants' alleged actions.

## III. STANDARD OF REVIEW

### A. Lack of Subject Matter Jurisdiction—Fed. R. Civ. P. 12(b)(1).

At issue in a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is the trial court's jurisdiction, i.e. -- its very power to hear the case. *See Robinson v. Dalton*, 107 F.3d 1018, 1021 (1997). Because the Court's jurisdiction is in dispute, "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* In a 12(b)(1) motion, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of

3

jurisdictional claims." *Id.* Plaintiff bears the burden of proving that jurisdiction exists. *See Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884 (3d Cir. 1977).

### B. Insufficient Service of Process—Fed. R. Civ. P. 12(b)(5).

Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied. *See Marks v. Alfa Group*, 615 F. Supp. 2d 375, 377 (E.D. Pa. 2009) (*citing Omni Capital International v. Rudolph Wolff and Co.*, 484 U.S. 97 (1987)). Unless a defendant voluntarily makes an appearance or waives the lack of personal jurisdiction, such jurisdiction must be established by proper service of process. An appearance for the purpose of raising the defense of improper service does not waive it. A plaintiff who attempts to sue federal officials in their individual capacities must make proper personal service on the defendants pursuant to Federal Rule of Civil Procedure 4(i). *See Micklus v. Carlson*, 632 F.2d 227 (3d Cir. 1980).

### C. Failure to State a Claim—Fed. R. Civ. P. 12(b)(6).

The purpose of a Rule 12(b)(6) motion to dismiss is to test the sufficiency of the complaint. The Court must grant the motion to dismiss where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Carino v. Stefan*, 376 F.3d 156, 159 (3d Cir. 2004) (*quoting Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). With a Rule 12(b)(6) motion, the Court is required to accept as true the facts alleged in the complaint and all reasonable inferences that can be drawn from them. *See Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3d Cir. 1990). However, while the Court must accept well-pleaded allegations as true for purposes of the motion, it need not accept unsupported conclusions or unwarranted factual inferences as true. *See City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 n. 13 (3d Cir. 1998); *Schuylkill Energy Resources, Inc. v. Pennsylvania Power and Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997). Furthermore, the Court in deciding a Rule 12(b)(6) motion, need not accept as true legal conclusions masquerading as

factual allegations. *See, e.g., Papasan v. Allain*, 478 U.S. 265, 286 (1986); *Morse v. Lower Merion School District*, 132 F.3d 902, 906 (3d Cir. 1997).

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), the Supreme Court emphasized that it is the plaintiff's obligation to provide more than labels and conclusions. The Supreme Court cautioned that a formulaic recitation of the elements of a cause of action will not do. *Id.* Indeed, to survive a motion to dismiss, the [f]actual allegations must be enough to raise a right to relief above the speculative level. *Id.* This requires a showing, rather than a blanket assertion, of entitlement to relief. *Id.* at 555 n.3. Moreover, the plaintiff's claim must be plausible on its face. *Id.* at 570. The Supreme Court stated that a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## IV. LEGAL ARGUMENT

### A. Plaintiffs' Common Law Tort Claims in Counts I and VI, Which Are Based Upon the Negligent Delivery of the Mail, Must Be Dismissed for Lack of Subject Matter Jurisdiction.

#### a. Plaintiffs Have Not Exhausted Administrative Remedies, and Are Out of Time to Do So.

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b)(l) and 2671-2680, provides the exclusive remedy for common law tort claims arising from the alleged negligent act of any employee of the United States while acting within the scope of employment, and provides only a limited waiver of the United States' sovereign immunity for certain common law tort claims seeking damages. *Id.* §§ 1346(b)(l) and 2679(b)(l). Under the FTCA, the United States, and not any of its agencies or employees, is the only proper defendant for common law tort claims. *Id.* §§ 2679(a), (b), (d); *see also Brown v. U.S. Justice Dep't,* 271 Fed. Appx. 142, 144-45 (3d Cir. 2008); *Leitch v. MVM Inc.*, 2004 WL 16381321, at * 2 (E.D. Pa., July 22, 2004). Accordingly, any common law tort claims against the United States Postal Service and Postmaster General

Megan J. Brennan must be dismissed with prejudice for lack of subject matter jurisdiction, since they are not proper parties to such claims, and the United States must be substituted as the sole federal defendant with respect to these claims.

Even though the United States is the only proper federal defendant for the common law tort claims brought in Counts I and VI, these claims cannot be adjudicated because plaintiffs failed to exhaust statutorily prescribed administrative remedies and are out of time to do so. Since plaintiffs' common law tort claims are governed by the FTCA, before filing suit, plaintiffs were required to file administrative claims with the appropriate federal agency - - here, the United States Postal Service - - and permit the agency to decide the claim. *See* 28 U.S.C. § 2675(a).[4] Plaintiffs have not filed administrative claims (Ex. 1, Declaration of Conny Beatty), and are out of time to do so since more than two years have passed since the allegations in the Complaint. *See* 28 U.S.C. § 2401(b).[5]

This administrative exhaustion requirement "is jurisdictional and cannot be waived." *Bialowas v. United States,* 443 F.2d 1047, 1049 (3d Cir. 1971); *see also Tucker v. United States Postal Serv.,* 676 F.2d 954, 959 (3d Cir. 1982) ("Noncompliance with section 2675 deprives a claimant of federal court jurisdiction over his or her claim."); *Wilder v. Luzinski,* 123 F. Supp.2d 312, 313 (E.D. Pa. 2000) ("[A] court does not have jurisdiction before administrative remedies have been exhausted, and a court must dismiss any action that is initiated prematurely.") Through this exhaustion requirement, Congress intended "to ease court congestion…while making it possible for the Government to expedite the fair settlement of tort claims" and to

---

[4] This section provides: "An action shall not be instituted against the United States for money damages for injury or loss of property or personal injury... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section." 28 U.S.C. § 2675(a).
[5] This section provides: "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues...." 28 U.S.C. § 2401(b).

6

provide "for more fair and equitable treatment of private individuals and claimants." *Tucker*, 676 F.2d at 958.

In *McNeil v. United States,* 508 U.S. 106, 111 (1993), the Supreme Court stated that the presentment and denial requirement in the FTCA is "unambiguous."

> The most natural reading of the statute indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process. Every premature filing of an action under the FTCA imposes some burden on the judicial system and on the Department of Justice which must assume the defense of such actions. Although the burden may be slight in an individual case, the statute governs the processing of a vast multitude of claims. The interest in orderly administration of this body of litigation is best served by adherence to the straightforward statutory command. Moreover, given the clarity of the statutory text, it is certainly not a 'trap for the unwary.'

*McNeil,* 508 U.S. at 112-13. Thus, the Supreme Court made it clear that administrative remedies must be exhausted before the initiation of a lawsuit. *Id.* at 113 ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."); *see also Wujick v. Dale & Dale, Inc.,* 43 F.3d 790, 793-94 (3d Cir. 1994) (court noted that administrative exhaustion requirement under the FTCA was mandatory and that Supreme Court had "firmly rejected" the "no harm, no foul" reasoning). Plaintiffs have neither filed an administrative claim (*See* Ex. 1) nor have they alleged that they have exhausted an administrative claim. (Am. Compl.)

Accordingly, Counts I and VI must be dismissed for lack of subject-matter jurisdiction because plaintiffs' failed to exhaust administrative remedies and are beyond the limitations period to sue the United States.

### b. The United States Has Not Waived Sovereign Immunity for Claims Based Upon the Negligent Delivery of the Mail.

"It is elementary that '[t]he United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *United States v. Mitchell,* 445 U.S. 535, 538 (1980) (citation omitted). "Absent a waiver, sovereign immunity shields the Federal Government and its

agencies from suit." *Fed. Deposit Ins. Corp. v. Meyer,* 510 U.S. 471, 475 (1994). A plaintiff seeking to bring an action against the Government bears the burden of showing that the United States waived its sovereign immunity and therefore consented to the action. *See Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377 (1994). "A waiver of sovereign immunity cannot be implied but must be unequivocally expressed." *Irvin v. Dep't of Veterans Affairs,* 498 U.S. 89, 95 (1990) (internal quotations and citation omitted); *see also United States v. Nordic Village Inc.,* 503 U.S. 30, 34 (1992) (holding that the Government's consent to be sued must be construed strictly in favor of the sovereign). Without such a waiver, a federal court lacks subject matter jurisdiction over actions brought against the United States. *See Mitchell,* 445 U.S. at 538.

Plaintiffs' common law tort claims against the federal defendants in Counts I and VI - - based upon the negligent transmission of the mail - - must be dismissed because sovereign immunity bars the claims. As noted above, the FTCA, 28 U.S.C. §§ 1346(b)(l) and 2671, *et seq.,* provides a limited waiver of the sovereign immunity of the United States for certain common law tort claims resulting from acts of federal agencies or employees, and provides the exclusive remedy for injury or loss of property, or personal injury or death, arising or resulting from the negligent or wrongful act of any employee of the government while acting within the scope of his office or employment. *Id.* §§ 1346(b)(l) and 2679(b)(1).

By its terms, however, the FTCA does not waive sovereign immunity for "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b).

Accordingly, plaintiffs' common law tort claims in Counts I and VI, which are based upon the alleged negligent delivery of the mail, must be dismissed since there is no waiver of sovereign immunity.

### B. Plaintiffs' Section 1983 Claims Against the Federal Defendants Must Be Dismissed Based Upon Sovereign Immunity.

Plaintiffs' constitutional claims pursuant to Section 1983 in Counts II, III, and V must be dismissed for lack of subject-matter jurisdiction. Again, it is well-settled that the United States

has sovereign immunity except where it consents to be sued. *Mitchell,* 445 U.S. at 538. Sovereign immunity extends to government agencies and employees sued in their official capacities. *Antol v. Perry,* 82 F.3d 1291, 1296 (3d Cir. 1996). A waiver of sovereign immunity "cannot be implied but must be unequivocally expressed." *Mitchell,* 445 U.S. at 538.

By its terms, Section 1983 applies only in cases of persons acting under color of *state* law; there is no basis for its application to federal agencies or federal defendants. 42 U.S.C. § 1983; *see Washington v. Department of Veterans Affairs,* 1998 WL 754464 (E.D. Pa. 1998) ("Section 1983 does not apply to actions under color of federal law"). Consequently, plaintiffs' Section 1983 action against the federal defendants in their official capacity fails. Likewise, plaintiffs' section 1983 action against Postmaster General Brennan in her personal capacity also fails because she is a federal employee. *See Lopez v. U.S. Dep't of Justice,* 2007 U.S. App. LEXIS 24156, *2-3 (3d Cir. 2007); *see also Couden v. Duffy*, 446 F.3d 491 (3d Cir. 2006) (section 1983 claims are not available against federal actors or actors acting under authority of federal law).

Additionally, plaintiffs' reliance on the *Monell* theory of municipal liability for constitutional violations under Section 1983 does not affect this analysis. *See Kamar v. Krolczyk,* 2007 WL 2501305, at *2 (E.D. Cal. Aug. 30, 2007) ("Nor does *Monell* create an exception to the Government's sovereign immunity for constitutional tort claims. *Monell*...only applies to local governments.")

Accordingly, Counts II, III, and V must be dismissed for lack of subject-matter jurisdiction because sovereign immunity bars these claims.

### C. Plaintiffs' *Bivens* Claims Against the Federal Defendants Must Be Dismissed.

#### a. The Federal Defendants Are Entitled to Dismissal Pursuant to the Sovereign Immunity Doctrine.

Plaintiffs assert an unspecified constitutional violation pursuant to a *Bivens* theory in Count IV. This claim, and the Section 1983 claims in Counts II and III and the *Monell* claim in Count V

to the extent they are analyzed pursuant to a *Bivens* theory, must be dismissed for lack of subject-matter jurisdiction.

Congress has never waived sovereign immunity for constitutional claims brought pursuant to a *Bivens* theory against the United States, its agencies, or employees sued in their official capacities. *FDIC v. Meyer,* 510 U.S. 471, 478 (1994); *Graham,* 473 U.S. at 166-68; *Debrew v. Auman,* 354 Fed. Appx 639, 641 (3d Cir. 2009). As the Third Circuit Court of Appeals noted in *Jaffee v. United States,* 592 F.2d 712, 717 (3d Cir. 1979), for suits brought against the United States and its agencies, *Bivens* "does not afford [plaintiffs] a traversable bridge across the moat of sovereign immunity." Since sovereign immunity has not been waived, plaintiffs' *Bivens* claims are barred, whether they seek damages or equitable relief. *Id.* at n.10 ("[U]nless sovereign immunity has been waived, it bars equitable as well as legal remedies against the United States.")[6] Thus, the Court lacks jurisdiction to order "monitoring and training," as well as money damages, as requested in the Amended Complaint. Accordingly, any *Bivens* claims against the federal defendants must be dismissed for lack of subject-matter jurisdiction, based on the doctrine of sovereign immunity.

### b. Postmaster General Brennan Is Entitled to Dismissal Based on the Qualified Immunity Doctrine.

Likewise, plaintiffs' *Bivens* theory in Count IV and the claims in Counts II, III, and V to the extent they are analyzed pursuant to a *Bivens* theory, should be dismissed with respect to Postmaster General Brennan. Although federal employees are subject to suit in their personal capacities for alleged violations of constitutional rights, they are afforded broad protection from liability under the doctrine of qualified immunity. *See generally Harlow v. Fitzgerald*, 457 U.S. 800 (1982). When qualified immunity is raised, a *Bivens* action cannot be maintained unless the

---

[6] While *Jaffee* recognizes that non-monetary relief may be available against an agency pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.,* under certain circumstances, plaintiffs do not plead an APA cause of action against the agency — they specifically plead only a *Bivens* theory against the federal defendants.

plaintiff shows that the defendant violated a clearly established constitutional right. *See Saucier v. Katz*, 533 U.S. 194, 202 (2001); *Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987); *Mitchell v. Forsythe*, 472 U.S. 511, 526 (1985); *Davis v. Scherer*, 468 U.S. 183, 197 (1984); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

A qualified immunity argument presents two questions. The first question is whether a constitutional right was violated based on the facts alleged. A decision on this "purely legal question permits courts to expeditiously weed out suits" without requiring the defendant to engage in time-consuming preparation to defend the lawsuit. *Siegert v. Gilley*, 500 U.S. 226, 232 (1991). If no constitutional right has been violated, there is no need for further inquiry and dismissal based on qualified immunity is appropriate. *See id.* at 232-33. Conversely, if the pleadings are viewed as true and the acts described therein would establish a violation of a constitutional right, the second question is: Was the right clearly established? *See Saucier*, 533 U.S. at 201. The Third Circuit has explained that for a right to be clearly established "there must be sufficient precedent at the time of the action, factually similar to the plaintiff's allegations, to put [the] defendant on notice that his or her conduct is constitutionally prohibited." *McKee v. Hart*, 436 F.3d 165, 171 (3d Cir. 2006).

The qualified immunity doctrine is "an immunity from suit rather than a mere defense from liability." *Mitchell*, 472 U.S. at 526. The Supreme Court has recognized that "permitting damages suits against government officials can entail substantial social costs, including the risk that fear of personal monetary liability and harassing litigation will unduly inhibit officials in the discharge of their duties." *Anderson*, 483 U.S. at 638; *see also Harlow*, 457 U.S. at 814 (the "social costs" of such litigation include "the expenses of litigation, the diversion of official energy from pressing public issues, and the deterrence of able citizens from acceptance of public office"). Because only suits for violations of clearly established constitutional rights may proceed under the qualified immunity doctrine, the Supreme Court has observed that the doctrine protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). As a result, the Supreme Court has repeatedly emphasized

11

that the issue of qualified immunity "should be resolved at the earliest possible stage of a litigation" in order to avoid the "'broad-ranging discovery' that can be 'peculiarly disruptive of effective government.'" *Anderson*, 483 U.S. at 646 n. 6, *quoting Harlow*, 547 U.S. at 817.

The defendant has the ultimate burden of establishing qualified immunity. *See Thomas v. Independence Tp.*, 463 F.3d 285, 293 (3d Cir. 2006). Nevertheless, where the defendant asserts a qualified immunity defense, the plaintiff bears the initial burden of showing that the defendant's conduct violated some "clearly established" constitutional right. *Sherwood v. Mulvihill*, 113 F.3d 396, 399 (3d Cir. 1997). The Third Circuit has held that "the question of whether a constitutional right is clearly established and the question of whether the officer acted reasonably are matters of law for the court to decide." *Bartholomew v. Commonwealth of Pennsylvania*, 221 F.3d 425, 428 (3d Cir. 2000) *see also Curley v. Klem*, 499 F.3d 199, 211 (3d Cir. 2007). Absent any allegations of a clearly established constitutional right which an individual would have been aware of, a plaintiff cannot state a viable constitutional claim against the defendants. *See Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *Saucier*, 533 U.S. at 201.

Here, the operative question is whether the negligent transmission of the mail is a constitutional violation. The answer is no. The negligent delivery of mail is not a constitutional violation which forms the basis of a *Bivens* action. *See Balawajder v. Williams*, 1991 U.S. App. LEXIS 18066, *2 n1 (9th Cir., July 29, 1991) (negligent delivery of mail is not a constitutional violation cognizable in a *Bivens* action). Based on the forgoing, Postmaster General Brennan is immune from suit and dismissal of the Amended Complaint is appropriate because plaintiffs do not have a constitutional right to the delivery of mail. Consequently, plaintiffs' *Bivens* claims against Postmaster Brennan should be dismissed. *See Siegert*, 500 U.S. at 232-233 (if no constitutional right has been violated, there is no need for further inquiry and dismissal based on qualified immunity is appropriate).

### c. Plaintiffs' Claims Against Postmaster General Brennan Should Be Dismissed Because Respondeat Superior Liability Is Impermissible In a *Bivens* Action.

Federal courts universally hold that damages claims against government officials alleged to arise from constitutional violations cannot be founded upon conclusory, vague or general allegations. *See, e.g., Young v. New Sewickley Tp.*, 160 Fed. Appx. 263, 266 (3rd Cir. 2005). "In a *Bivens* action . . . the plaintiff must plead the personal involvement of each defendant with specificity and with sufficient facts to overcome a likely defense of immunity." *Ramirez v. United States*, 998 F. Supp. 425, 432 (D.N.J. 1998) (citation omitted); *Rizzo v. Goode*, 423 U.S. 362, 375-77 (1976); *Barkes v. First Correctional Medical, Inc.*, 755 F.3d 307, 315-16 (3rd Cir. 2015).

A supervisory official cannot be held liable in a *Bivens* action under a vague and conclusory theory of respondeat superior. *Rizzo*, 423 U.S. 375-77 (supervising official does not violate a victim's constitutional rights unless he or she has played "an affirmative part" in the alleged misconduct of subordinates); *see also Anderson v. Bureau of Prisons*, 176 Fed. Appx. 242, 243-44 (3d Cir. 2006), (*citing Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (allegations of actual knowledge or participation of supervisors must be made *with appropriate particularity*); *Johnstone v. United States*, 980 F. Supp. 148, 151-52 (E.D. Pa. 1997) (emphasis added).

In the present case, plaintiffs' Amended Complaint does not allege that Postmaster General Brennan had *any* personal involvement with regard to the activities which give rise to their claims. Indeed, the Amended Complaint does not allege that Postmaster General Brennan had actual knowledge, directed, or played any part in the alleged negligent delivery of mail. As such, plaintiffs' *Bivens* claim against Postmaster General Brennan should be dismissed.

### D. Plaintiffs Failed to Personally Serve Postmaster General Brennan.

There is no record that Postmaster General Brennan was ever properly served with a copy of the summons and complaint as required by Federal Rule of Civil Procedure 4(i). As such,

there has been insufficient service of process by plaintiffs and the Amended Complaint should be dismissed, as to Postmaster Brennan, pursuant to Federal Rule of Civil Procedure 12(b)(5).

V.     CONCLUSION

For the above reasons, the federal defendants respectfully request that the Court dismiss plaintiffs' Amended Complaint.

Respectfully submitted,

ZANE DAVID MEMEGER
United States Attorney

*Margaret L. Hutchinson/SRB for*
MARGARET L. HUTCHINSON
Assistant United States Attorney
Chief, Civil Division

_____
SCOTT W. REID
STACEY L.B. SMITH
Assistant United States Attorneys
615 Chestnut Street, Suite 1250
Philadelphia, PA  19106
Phone: (215) 861-8358/8348
Facsimile: (215) 861-8618

Dated:  November 1, 2016

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of November, 2016, a true and correct copy of the foregoing Motion to Dismiss Plaintiffs' Amended Complaint was served via ECF and by first-class mail, postage prepaid, upon the following:

>Matthew B. Weisberg, Esq.
>Weisberg Law Offices
>7 South Morton Avenue
>Malvern, PA 19070
>Attorney for Plaintiffs

SCOTT W. REID
Assistant United States Attorney