**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| James Kelly & Leanne Kelly | : | |
| Individually & as Husband & Wife | : | |
| 125 Cypress Drive | : | |
| Broomall, PA 19008 | : | NO.: 16-02171 |
| | : | |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| Megan J. Brennan, Individually and in Her | : | |
| Official Capacity as Postmaster General | : | |
| d/b/a United States Postal Service | : | |
| d/b/a United States of America, et al. | : | |
| 475 L'Enfant Plaza SW | : | |
| Washington, DC 20260 | : | **JURY TRIAL DEMANDED** |
| | : | |
| Defendants. | : | |

**ORDER**

AND NOW this _____ day of _____, 2016, upon consideration of Defendants' Motion to Dismiss Plaintiffs' Amended Complaint, and Plaintiffs' Response in Opposition thereto, it is hereby ORDERED and DECREED that Defendants' Motion is DENIED.

Upon consideration of Plaintiff's Cross-Motion to Compel and Amend, and any response thereto, it is hereby ORDERED and DECREED that Defendants are to tender to Plaintiffs the name of the subject postal carrier within seven (7) days from the date of entry of this order, and Plaintiffs are granted leave to amend their complaint to so substitute that individual as a Defendant within fourteen (14) days hereafter.

**AND IT IS SO ORDERED.**

_____
Juan R. Sanchez                    ,J.

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| James Kelly & Leanne Kelly : | |
| Individually & as Husband & Wife : | |
| 125 Cypress Drive : | |
| Broomall, PA 19008 : | NO.: 16-02171 |
| : | |
| Plaintiffs, : | |
| v. : | |
| : | |
| Megan J. Brennan, Individually and in Her : | |
| Official Capacity as Postmaster General : | |
| d/b/a United States Postal Service : | |
| d/b/a United States of America, et al. : | |
| 475 L'Enfant Plaza SW : | |
| Washington, DC 20260 : | **JURY TRIAL DEMANDED** |
| : | |
| Defendants. : | |

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS WITH PLAINTIFFS' CROSS-MOTION TO COMPEL AND SUBSTITUTE

Incorporating by reference Plaintiffs' attached Memorandum of Law, Plaintiffs respectfully request this Honorable Court deny Defendants' Motion to Dismiss and Compel Defendants to tender the identity of the subject postal carrier to Plaintiffs thereby allowing Plaintiffs leave to amend their complaint substituting that individual as a Defendant therein.

                 **WEISBERG LAW**

                 /s/ Matthew B. Weisberg
                 Matthew B. Weisberg, Esquire
                 Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| James Kelly & Leanne Kelly | : | |
| Individually & as Husband & Wife | : | |
| 125 Cypress Drive | : | |
| Broomall, PA 19008 | : | NO.: 16-02171 |
| | : | |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| Megan J. Brennan, Individually and in Her | : | |
| Official Capacity as Postmaster General | : | |
| d/b/a United States Postal Service | : | |
| d/b/a United States of America, et al. | : | |
| 475 L'Enfant Plaza SW | : | |
| Washington, DC 20260 | : | **JURY TRIAL DEMANDED** |
| | : | |
| Defendants. | : | |

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS WITH PLAINTIFFS' CROSS-MOTION TO COMPEL AND SUBSTITUTE

**II.      Standard**

   A.   Motion to Dismiss:  <u>Fowler</u> re <u>Twombly</u> and <u>Iqbal</u>[1]

   **Reversing** the District Court's 12(b)(6) dismissal upon claims of insufficient specificity, the Third Circuit held the United State Supreme Court in <u>Twombly</u> and <u>Iqbal</u> (in accord with <u>Phillips</u>) merely requires that the Complaint "set out 'sufficient factual matter' to show that the claim is sufficiently plausible… [allowing] the reasonable inference that the defendant is liable for the misconduct alleged." <u>Fowler v. UPML Shadyside</u> - - F. 3d - -, 2009 WL 2501662 (C.A.3 (Pa) 2009) (quoting <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1955 (2009)); <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007); <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 230 (C.A.3 2008).

---

[1] *See generally*, "Simplified Pleading, Meaningful Days in Court, and Trials On The Merits:  Reflections On The Deformation of Federal Procedure," *New York University Law Review*, Vol. 88, p. 286 (April 2013).

Fowler reiterated the appropriate Motion to Dismiss standard, as elucidated in Phillips, remaining: "courts [must] accept all factual allegations as true, construe the Complaint in the light most favorable to the Plaintiff, and determine whether, under **any** reasonable reading of the Complaint, the plaintiff *may* be entitled to relief." Fowler, supra (quoting Phillips, at 233) (emphasis added). "Although Fowler's Complaint is not as rich with detail as some might prefer, it need only set forth sufficient facts to support plausible claims."[2] Fowler (citing Twombly, at 564, n.8).

"Even post-Twombly, it has been noted that a plaintiff is **not required** to establish the elements of a *prima facie* case but instead, need only put forth allegations that 'raise a reasonable expectation *that discovery will reveal evidence of the necessary element*.'" Fowler, supra; (quoting Graff v. Subbiah Cardiology Associates, Ltd., 2008 WL 231 2671 (W.D. Pa. 2008) Phillips, at 234. Thus, courts should not dismiss a complaint for failure to state a claim if it "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Montville Twp. v. Woodmont Builders LLC, No. 05-4888, 2007 WL 2261567, at *2 (3d Cir. 2007) (quoting Twombly, at 1969). In fact, a Plaintiff need not plead any causes of action (merely facts with request for relief). *See* 2 James Wm. Moore et al., *Moore's Federal Practice* P 8.04[3].

---

[2] Mr. Sharp:    It's a conclusory fact.

    Justice Breyer:  Well, it's a fact. They sat in their view --

    Mr. Sharp:    It's a conclusion.

    Justice Breyer:  All right. I don't know what a conclusory fact is as opposed to a regular fact.

Dart Cherokee Basin Operating Co. v. Owens, 13-719 (S.Ct. October 7, 2014) (excerpt from transcript of oral argument).

"Under the Federal Rules of Civil Procedure, an evidentiary standard is not a proper measure of whether a complaint fails to state a claim." Fowler, supra  "…[S]tandards of pleadings are not the same as standards of proof." Id. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts alleged is improbable and that a recovery is very remote and unlikely." Id. (quoting Twombly, at 556).

B.  Amended Pleading

A Plaintiff should be provided an opportunity to file an Amended Complaint if it appears that the deficiencies can be corrected. Twombly, supra.; *See,* 2A J. Moore, *Moore's Federal Practice* ¶12.07 [2.-5], P.12-99 (2d ed. 1994); *accord*, In re Spree.com Corp., 2001 WL 1518242 (Bankr. E.D. Pa. 2001).  Under this liberal pleading standard, courts should generally grant plaintiffs leave to amend their claims before dismissing a complaint that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

The Court should freely give leave to amend a Complaint "when justice so requires." FRCP 15(a)(2); Fowler, supra. ("we note that the District Court inexplicably foreclosed Fowler from an opportunity to amend her Complaint so as to provide further specifics…" Though the deadline for amended pleadings had not yet expired, the District Court dismissed Fowler's Complaint with prejudice **in error**) (emphasis added).  The Court should grant Plaintiffs leave to amend their Complaint unless futile or prejudicial, *even if not requested*. Adams v Gould, Inc., 739 F.2d 858, 868-870 (C.A.3 1984) (reversing district court denial of motion to amend a complaint to assert a new legal theory); Arthur V. Maersk, Inc., 434 F.3d 196, 204-2017 (C.A.3 2006) (reversing district court denial of motion to amend to add a new party approximately one year after initiation); Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (C.A.3 1993) (finding no

prejudice three years after action and two years after complaint was amended for second time); Estate of Frank P. Lagano v. Bergen County Prosecutor's Office, No. 13-3232 (C.A.3. 2014) (citing Alston v. Parker, 363 F.3d 229, 235 (C.A.3 2004)) (reversing a district court for not *sua sponte* granting leave to amend).

"Prejudice" is often used as a misnomer – *prejudice* is not defined by the requirement of ongoing litigation or defense but instead results from an inability to defend. Lorenz, *supra.* "Futility" invokes the 12(b)(6) standard upon the district court's notice of the complaint's deficiencies. Davis v. Abington Memorial Hospital, 765 F.3d 236, 244-245 (C.A.3 2014) (citing Krantz v. Prudential Investments Fund Management, LLC, 144 F.3d 140, 144 (C.A.3 2002).

    C.  Jurisdiction

Supplemental jurisdiction "**must**" be declined in lieu of adjudicating pendent State law claims unless consideration is provided in affirmative justification otherwise. Borough of West Mifflin v. Lancaster, 45 F.3d 780 (C.A.3 1995) (emphasis added); *see,* Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988) ("in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims"); *see also,* Annulli v. Panikkar, 200 F.3d 189, 202 (3d Cir. 1999).

In adjudicating a peculiar State law question, that analysis should be left to the State Court. Burford v. Sun Oil Co., 319 U.S. 315 (1943); Louisiana Power & Light Co. v. City of Thibodaux, 360 U.S. 25 (1959).

D.   Scope of Review

Only a document integral to or explicitly relied upon in the complaint may be considered without converting a motion to dismiss into one for summary judgment. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (C.A.3 1997). "[W]hat is critical is whether the claims in the complaint are 'based' on an extrinsic document and not merely whether the extrinsic document was explicitly cited." Schmidt v. Skolas, No. 13-3750 (C.A.3. October 17, 2014) (quoting Watterson v. Page, 987 F.2d 1, 3-4 (C.A.1 1993)).

Conclusion:  Standard

When applying the correct standard, Plaintiff's Complaint is sufficiently specific and Defendant's Motion should be denied. In the alternative, Plaintiff should be granted leave to amend as this Honorable Court is, respectfully, directed to allow. Otherwise, state law claims should be dismissed without prejudice to the state court.

**II.   Argument**

*A.   Plaintiffs' Cross Motion to Compel and Amend*

In their Motion to Dismiss, Defendants aver the individual postal carrier (currently identified as Defendant, Jack Buck) as not the subject individual putatively liable to Plaintiff. Said differently, Defendants maintain Plaintiff has mis-identified the subject postal carrier.

Plaintiff has requested Defendants to identify that postal carrier. Defendants have refused.

Plaintiffs respectfully request this Honorable Court compel Defendants' tender of the identity of that postal carrier to Plaintiffs with leave for Plaintiffs to file an Amended Complaint therein substituting that currently unknown individual for Defendant, Jack Buck.

  B.  *Concessions*

  Plaintiffs concede withdrawal of all Defendants except the United States of America and Defendant, John Doe [3], without prejudice.

  Plaintiffs withdraw their *Monell* Count, with prejudice

  C.  *Exhaustion of Administrative Remedies: Savings Provision*

  Defendants argue that the Federal Tort Claims Act ("FTCA") is the exclusive remedy for Plaintiffs' claims in negligence.

  To the extent Plaintiffs have admittedly not exhausted their administrative remedies pursuant to the FTCA, Plaintiffs have filed suit before the otherwise two-year statute of limitations[4] therein invoking the "savings provision"[5] of the FTCA.

  Therefore, for Plaintiffs' claims of negligence Plaintiffs' respectfully request this Honorable Court stay those claims pending administrative exhaustion. In the alternative to stay, Plaintiffs respectfully request this Honorable Court dismiss the within complaint without prejudice so that Plaintiffs may exhaust their administrative remedies.

  Notwithstanding the above (i.e., negligence), Defendants mischaracterize Plaintiffs' claims vis-à-vis Defendants' sovereign immunity argument. That is, Plaintiff's claim the mailing at issue both negligently and, alternatively, <u>intentionally</u>[6] mis-executed.

  D.  *Bivens*

  Defendants argue that Plaintiffs' constitutional claims must be dismissed for sovereign immunity. However, pursuant to *Bivens* those constitutional claims may properly lie against Defendant, John Doe, postal carrier.

---

[3] The postal carrier for whom Plaintiffs seek this Honorable Court to compel Defendants' identification and thereafter Plaintiffs' complaint's amendment to so substitute as a Defendant.
[4] 28 U.S.C. § 2401(B)
[5] 28 U.S.C. § 2679(d)(5)
[6] 28 U.S.C. § 2680(h) (interference with contract rights)

**III.     Conclusion**

Plaintiffs concede withdrawal of their claims against all Defendants except the United States of America and Defendant, John Doe, postal carrier.  Plaintiffs respectfully request this Honorable Court compel Defendants to tender the identity of that postal carrier with leave for Plaintiff to so substitute via an amended complaint.  Plaintiffs concede withdrawal of their Count in *Monell*.  Plaintiffs concede they failed to exhaust administrative remedies for Defendant, United States of America and putative Co-Defendant, John Doe, postal carrier's negligence but respectfully suggest the savings provision of the FTCA requires stay, or, alternatively, dismissal without prejudice of claims sounding in negligence - towards administrative exhaustion.

Plaintiffs respectfully suggest that their state law counts sound in both negligence and intentional tort.  To the extent intentional, Defendants do not argue an intentional tort barred by the FTCA or otherwise sovereign immunity.  Indeed, Defendants conflate negligence and intentionality.

As to Plaintiffs' constitutional claims, *Bivens* provides the pathway for Plaintiffs' remedy – against Defendant, John Does, postal carrier.

In sum, Plaintiffs allege Defendant, United States of America's postal carrier both negligently and alternatively intentionally executed a return receipt mailing therein bearing a contract effective date secondary to the receipt.  That mailing having been executed on behalf of Plaintiff without Plaintiffs' knowledge caused lost contractual opportunity.  Having caused such loss, Defendants refuse to tender the identity of the postal carrier at issue and otherwise claim Plaintiffs' remedies barred.  Though Defendants have been determined correct in large part (e.g., concessions), the balance of Defendants' argument the FTCA's savings provision and *Bivens*

provide the path to recovery. While hiding the identity of the postal carrier, Defendants do not move to dismiss that putative Defendant, John Doe.

WHEREFORE, Plaintiffs respectfully request this Honorable Court deny Defendants' Motion and grant Plaintiffs' Cross-Motion to Compel towards amendment – consistent with the attached proposed Order.

**WEISBERG LAW**

/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
Attorney for Plaintiffs

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| James Kelly & Leanne Kelly<br>Individually & as Husband & Wife<br>125 Cypress Drive<br>Broomall, PA 19008<br><br>    Plaintiffs,<br> v.<br><br>Megan J. Brennan, Individually and in Her<br>Official Capacity as Postmaster General<br>d/b/a United States Postal Service<br>d/b/a United States of America, et al.<br>475 L'Enfant Plaza SW<br>Washington, DC 20260<br><br>    Defendants. | NO.: 16-02171<br><br><br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

### CERTIFICATE OF SERVICE

  I, Matthew B. Weisberg, Esquire, hereby certify that on this 2nd day of December, 2016, a true and correct copy of the foregoing Plaintiffs' Response in Opposition to Defendants' Motion to Dismiss with Plaintiffs' Cross-Motion to Compel and Substitute was served via ECF, upon the following parties:

Margaret L. Hutchinson, Esquire
Stacey L.B. Smith, Esquire
U.S. Attorney's Office
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106

                **WEISBERG LAW**


                /s/ Matthew B. Weisberg
                Matthew B. Weisberg, Esquire
                Attorney for Plaintiffs